Hand-Delivered

FILED
CHARLOTTE, NC

DEC 12 2019

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

BRIAN GREEN,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.

    Defendants.

CASE NO. 3:19CV680-FDW

COMPLAINT AND
TRIAL BY JURY DEMANDED

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA"), against Midland Credit Management, Inc. and its agent in her illegal action in communicating directly with a third party in an attempt to collect a consumer debt.

## JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

## VENUE

3. The occurrences which give rise to this action occurred in Union County, North Carolina.

4. Venue is proper in the Western District of North Carolina Division to 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff, Brian Green ("Plaintiff"), is a natural person who resides in Union County, in the State of North Carolina.

Case 3:19-cv-00680-FDW-DSC   Document 1   Filed 12/12/19   Page 1 of 4
Brian Green vs Midland Credit Management original complaint
Page 1 of 5

7. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. MCM is in the business of collecting debts using instrumentality of interstate commerce and mail that regularly collects or attempts to collect debts owed, or alleged to be owed, due another.

9. MCM engaged in "communication" with Plaintiff as defined in 15 U.S.C. § 1692a(2).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. MCM Engages in Harassment and Abusive Tactics

10. On December 2nd, 2019, Plaintiff received a telephone call to his wireless phone number 201.873.2037 at 2:59 p.m. until 3:09 p.m., which was originated presumably from a land line or an audio dialer from a No Caller ID phone number. The unknown number was used by a representative name Kim of MCM to communicate a consumer debt from third party.

11. During the communication, MCM failed to inform Plaintiff that the call was an attempt to collect a debt and all information obtained would be used for that purpose.

12. At no time has Plaintiff given his express consent, written or otherwise, to MCM to call his wireless phone number.

13. Moreover, MCM contacted Plaintiff in an attempt to collect a consumer debt from third party.

14. Plaintiff informed MCM that he was not the Debtor and that the Debtor was unreachable at his number.

15. MCM continued to discuss personal, confidential, and financial information from third party in an attempt to collect a consumer debt.

Case 3:19-cv-00680-FDW-DSC Document 1 Filed 12/12/19 Page 2 of 4
Brian Treacy vs Midland Credit Management original complaint
Page 2 of 4

16. Plaintiff directed MCM to cease calling him after MCM continued to press the issue in regards to the Debtor.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed a third party of the nature a consumer debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with a third party other than the consumer.

20. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform Plaintiff that the communication was an attempt to collect a consumer debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a consumer debt.

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Each Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

26. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

27. The Defendant communicated with person other than the Plaintiff, or the Plaintiff's attorney, in violation of N.C. Gen.Stat. § 58-70-105(1).

28. The Defendant falsely represented the creditor's rights or intentions, in violation of N.C. Gen.Stat. § 58-70-110(4).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Such other and further relief as may be just and proper;

4. Statutory damages of $4,000.00 per violation pursuant to N.C. Gen.Stat. § 58-70-130(b).

## DEMAND FOR TRAIL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 11, 2019

Respectfully submitted.

Brian Green
113 Indian Trail Road N, Suite 280
Indian Trial, NC 28079
201.873.2037
briangreen350@gmail.com