# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **BRIAN GREEN**<br><br>　　　　*Plaintiff*,<br>　　v.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**<br><br>　　　　*Defendant*. | Civil Action No.:　3:19-cv-680 |
| **KIM GREEN**<br><br>　　　　*Plaintiff*,<br>　　v.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**<br><br>　　　　*Defendant*. | Civil Action No.:　3:19-cv-681 |

## MIDLAND CREDIT MANAGEMENT'S MEMORANDUM
## IN SUPPORT OF MOTION FOR JOINDER AND CONSOLIDATION

COMES NOW Defendant Midland Credit Management, Inc. ("Midland" or "Defendant"), by undersigned counsel, and in support of its Motion to Join the above-named Plaintiff, Kim Green to as a party pursuant to Fed. R. Civ. P. Rules 19-20 and for Consolidation of the above-captioned actions (Civil Action Nos.: 3:19-cv-680; 3:19-cv-681) pursuant to Fed. R. Civ. P. 42 and Local Civ. R. 42.1[1], states as follows:

---

[1] Local Civil Rule 42.1 provides that "[a] motion for consolidation shall be filed in only one of the related cases with a notice of the motion being filed in the proposed member case(s). Accordingly, the instant Motion and accompanying Brief in Support is filed in connection with Plaintiff, Brian Green's lawsuit (Civil Action. No.: 3:19-cv-680), and a Notice of Motion has been filed in connection with the related lawsuit filed by Plaintiff, Kim Green (Civil Action No. 3:19-cv-681), in accordance with the Local Rule.

## I. BACKGROUND AND BASIS FOR JOINDER AND CONSOLIDATION

The above-named Plaintiffs have filed separate lawsuits against Midland in connection with the same allegations, which should be joined and/or consolidated into a single proceeding. Plaintiff, Brian Green ("Brian Green" or "Plaintiff") is the husband of Kim Green ("Kim Green" or "Plaintiff") (collectively, the "Greens" or "Plaintiffs"). Brian Green initiated the above-styled lawsuit, *Brian Green v. Midland Credit Management, Inc*. (Civil Action No. 3:19-cv-680) against the Defendant on or about December 12, 2019. On the very same date (12/12/19), Kim Green initiated a lawsuit styled, *Kim Green v. Midland Credit Management, Inc*. (Civil Action No. 3:19-cv-681) against the above-named Defendant. Both Plaintiffs, proceeding *pro se*, subsequently amended and/or "corrected" their initial pleadings prior to serving the Defendant with their respective lawsuits.

Midland filed separate Answers in response to Kim Green's Amended Complaint on July 16, 2020 (3:19-cv-681; D.E. No. 11) and Brian Green's "Corrected" Amended Complaint on August 5, 2020 (3:19-cv-680; D.E. No. 4) (for the purposes of Defendant's Brief in Support, Plaintiffs' respective Complaints are respectively cited herein as "*B.G. Compl*. at ¶ __" (Brian Green) and "*K.G. Compl*. at ¶ __" (Kim Green). Copies of the Complaints that were ultimately served and answered by Midland are attached hereto as "Exhibit A" (Brian Green) and "Exhibit B" (Kim Green), respectively. Both suits are presently before this Court, share the same predicate jurisdictional bases, have been filed in the appropriate venue, and neither jurisdiction nor venue will be compromised if the Court grants Defendant's Motion. Further, the allegations set forth in the Greens' respective Complaints are virtually identical. Given these considerations joining these parallel actions in a single proceeding is necessary.

*The Greens' Parallel Lawsuits arise out of the Same Transaction and Occurrence*

The Greens' suits arise in connection with Midland's collection efforts and communications regarding a debt that was owed by Kim Green. *See BG. Compl.* at ¶¶ 13-15; *See K.G. Compl.* at ¶¶ 26-53. Their respective Complaints and the causes of action set forth therein are substantially similar and all stem from the same conduct and/or transactions by Midland, which Plaintiffs contend were violative of the following consumer protection statutes: Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq*. ("NCDCA"); and the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70, *et seq*. ("NCCAA").

*The Greens' Causes of Action against Midland are the Same or Substantially Similar*

Brian Green's Complaint alleges Midland used false or deceptive means in violation of 15 U.S.C. §1692c(b), NCCA §58-70-110 and NCDCA §75-54, by communicating with a third-party/consumer (Brian Green) concerning his wife's (Kim Green) past-due account on 12/02/2019 during a phone call lasting roughly 10 minutes. *B.G. Compl.* at ¶¶ 13-15. Kim Green's Complaint also contains the same allegations regarding the 12/02/2019 phone call placed by the Defendant to her husband, Brian Green, by the Defendant (K.G. Compl. at ¶ 25; ¶¶ 41-44) and contends Midland violated the same sections of the FDCPA, NCDCA and NCCAA by communicating with a third party (her husband, Brian Green) in connection with the collection of the alleged debt. Kim Green has alleged one (1) additional cause of action in which she alleges Midland's initial communication did not include the required disclosures pursuant to 15 U.S.C. § 1692g (Count I). *K.G. Compl.* at ¶¶ 54-63. Nevertheless, all of Kim Green's remaining causes of action allege Midland violated 15 U.S.C. § 1692c(b) (Count II); NCCAA §58-70-110(1) (Count III); and NCDCA. §75-54 (Count

IV) "by communicating with Brian Green, a third party, in an attempt to collect a debt or obtain information concerning a consumer […]. *K.G. Compl*. at ¶¶ 64-78.

## II. ARGUMENT

Given the foregoing the Court should adjudicate the Greens' respective lawsuits in a single proceeding by joining Kim Green as a necessary party pursuant to Rule 19; or, in the alternative, under Rule 20, as the requirements to permissively join these Plaintiffs and to consolidate their respective suits pursuant to Rule 42 are satisfied.

### A. Fed. R. Civ. P. 19 Requires Joinder of Kim Green as a Necessary Party

Kim Green is a necessary party pursuant to Rule 19 and should be joined as a Co-Plaintiff to the suit initiated by her husband, Brian Green. The joinder of a necessary party is governed by Rule 19 of the Federal Rules of Civil Procedure and is designed to protect the interests of absent persons as well as those already before the Court from multiple litigation or inconsistent judicial determinations." *Bodnar v. Jackson*, No. 1:14cv120, 2014 U.S. Dist. LEXIS 151307, at *1 (W.D.N.C. Oct. 23, 2014) (*citing* 7 Wright, Miller & Kane, supra, § 1602). Federal Rule of Civil Procedure 19(a)(1) provides that —

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if […] (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a)(1). Further, if such a person is not already in the case, the court must order that the person be made a party to the litigation. Fed. R. Civ. P. 19(a)(2).

Here, joining Kim Green as a necessary party satisfies the criteria of Rule 19(a)(1)(B)(i). She is subject to service of process having filed a parallel lawsuit with this Court and her joinder will not deprive the Court of subject-matter jurisdiction. The Court's jurisdiction is predicated

upon 28 U.SC. § 1331 as a result of the Greens' respective FDCPA claims, and – as discussed above – are substantially the same. Given the relationship between the two Plaintiffs (Husband and Wife) as well as the substance of the allegations set forth in their respective Complaints, the Greens' interests are undoubtedly aligned.

Accordingly, Kim Green has a direct interest in the subject matter of Brian Green's lawsuit (and vice-versa), so much so that disposing of her husband's lawsuit in her absence will likely leave Midland, the existing party-Defendant in both suits, subject to the very real risk of incurring multiple inconsistent obligations on account of that interest. Specifically, if the Court permits both suits to proceed individually, Midland would be required to re-litigate substantially similar issues involving the same allegedly violative conduct, potentially subjecting the Defendant to separate judgments and varying damages, which could in turn necessitate multiple appeals. Given the foregoing and to avoid the likelihood of such repercussions the Court should find Kim Green is a necessary party pursuant to Rule 19 and join her as a Co-Plaintiff to her husband's lawsuit.

**B. Fed. R. Civ. P. 20 Permits the Permissive Joinder of Kim Green as Party**

In the alternative, the Court should apply the rules for permissive joinder and join the Plaintiffs in a single action pursuant to Rule 20, which in pertinent part provides that persons may be joined in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)-(B). "The requirements for permissive joinder are liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive determination of the action." *Dillon v. BMO Harris Bank, N.A.*, 16 F. Supp. 3d 605, 615 (M.D.N.C. 2014). "The 'transaction or occurrence' test" in particular "is designed to

permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding[,] . . . . thereby preventing multiple lawsuits." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (*quoting Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)). This determination is made on a case-by-case basis, and typically permits joinder so long as all the claims arise out of events that "have a 'logical relation to one another,'" *Tinsley v. Streich*, 143 F. Supp. 3d 450, 459 (W.D. Va. 2015) (*quoting Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 379 (D. Md. 2011)).

Here, the Greens are asserting claims for relief stemming from the same transaction or occurrence involving the same Defendant (Midland). Their respective Complaints are predicated on the same causes of action against Midland (FDCPA; NCCAA; NCDCA) and are based on Midland's alleged violations under each of the foregoing statutes arising out of communications and phone calls made by Midland to the Greens regarding the same defaulted consumer debt owed by Kim Green. Questions of law and fact will be common across each of the causes of action set forth in the Greens' separate Complaints, and as such, should be heard in a single proceeding to avoid multiple lawsuits since the claims share a logical relationship to one another. Based on the foregoing; and, having satisfied the transaction or occurrence test for purposes of the Court's permissive joinder analysis, the Court should grant Midland's Motion since joinder will undoubtedly promote judicial economy by ensuring a speedy and inexpensive determination of the Plaintiffs' claims .

### C. **Fed. R. Civ. P. 42 Warrants Consolidating the Greens' Parallel Suits**

In addition to the arguments for joining Kim Green as a party to her husband's above-captioned action pursuant to Rules 19 and 20, the Greens' parallel lawsuits warrant consolidation pursuant to Rule 42(a), which provides in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may. . . consolidate the actions." Fed. R. Civ. P. 42(a);

*see also* Local Civ. R. 42.1. The Court possesses broad discretion in determining whether cases should be consolidated under Rule 42(a):

> [P]roper application of Rule 42(a) requires the district court to determine whether the specific risks of prejudice and possible confusion from consolidation were overborne by the risk of inconsistent adjudications. . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Taylor v. C R Bard Inc.*, No. 5:19-CV-469-BR, 2020 U.S. Dist. LEXIS 149039, at *3-4 (E.D.N.C. Aug. 17, 2020) (*quoting Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (judicial economy considers whether separate trials would be "largely repetitive" and thus, implicating burden, delay, and expense on the judicial system).

Consideration of the foregoing factors weighs in favor of consolidation, as doing so poses no risk of confusion to the parties since the Greens' substantive FDCPA and North Carolina consumer protection claims are identical, arising from the same transaction or occurrence – specifically, the allegedly violative communications they received in connection with the subject consumer debt owed by Kim Green. On the other hand, failing to consolidate these cases will undoubtedly burden the parties with largely duplicative discovery and the potential for inconsistent determinations on common legal issues, which are counterintuitive to the interests of the parties and the allocation of judicial resources. "Policies of judicial economy generally favor the consolidation of related actions." *Taylor*, at *4; *see also Campbell*, 882 F.3d at 74 (judicial economy considers whether separate trials would be "largely repetitive" and thus, implicating burden, delay, and expense on the judicial system). Accordingly, the Court should consolidate the Greens' parallel suits to avoid these unnecessary costs and ensure the attendant risks associated with adjudicating these matters independently does not come to fruition.

### III. CONCLUSION

Based on the foregoing, Midland prays the Court order that Kim Green be made a party to this action, either as a necessary party under Fed. R. Civ. Pro. Rule 19 or as a proper party under Fed. R. Civ. Pro. Rule 20, and that the Greens' parallel lawsuits be combined pursuant to Fed R. Civ. Pro. Rule 42(a).

Respectfully Submitted:

Dated: September 28, 2020

By: */s/ Keaton C. Stoneking*
Keaton C. Stoneking, Esq.
North Carolina Bar No. 53627
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4050
Facsimile: 704.998.4051
Keaton.Stoneking@troutman.com

*Attorneys for Defendant*
*Midland Credit Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to Plaintiff, who is registered to receive electronic notifications in connection with this matter, and that I also caused a copy of the foregoing to be sent via U.S. Mail to the *pro se* litigants at the following address:

Brian Green
113 Indian Trial Rd. N
Suite 280
Indian Trail, NC 28079
Telephone: (201) 693-6879

*And*

Kim C. Green
113 Indian Trial Rd. N
Suite 280
Indian Trail, NC 28079
Telephone: (201) 693-6879

                                                         */s/ Keaton C. Stoneking*
                                                          Keaton C. Stoneking, Esq.