# EXHIBIT A

FILED
CHARLOTTE, NC

MAY - 8 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:19-cv-00680-FDW-DSC

BRIAN GREEN,

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC,

    Defendants.

## CORRECTED ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA

Plaintiff Brian Green in the above – entitled and numbered cause, and files this Corrected Original Complaint for the violations of the FDCPA as follows:

| | | |
|---|---|---|
| I. | NATURE OF ACTION………………………………………………… | page 1 |
| II. | JURISDICTION AND REVIEW………………………………….….. | page 2 |
| III. | PARTIES…………………………………………………………..… | page 2 |
| IV. | FDCPA CLAIMS……………………………………………………. | page 2 |
| V. | FACTUAL ALLEGATIONS………………………………….…….. | page 3 |
| VI. | COUNT 1 – VIOLATIONS OF THE FDCPA…………..………,,…… | page 3 |
| VII. | COUNT II – VIOLATIONS OF THE NCCAA………………………. | page 4 |
| VIII. | COUNT III – VIOLATIONS OF THE NCDCA………………….…... | page 5 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO:. 3:19-cv-00680-FDW-DSC

BRIAN GREEN,

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.

    Defendants.

TRIAL BY JURY DEMANDED

## CORRECTED ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA

Plaintiff Brian Green (Green) previously filed this complaint with the Court and misstated the applicable North Carolina Statue. Instead of "North Carolina Fair Debt Collection Practices Act" (NCDCPA), it is the "North Carolina Collections Agency Act" (**NCCAA**). Mr. Green adds the "North Carolina Debt Collection Act" (**NCDCA**) and states as follows:

### I. NATURE OF ACTION

1.     Mr. Green bring this action for the illegal practices of the Defendant Midland Credit Management, Inc. (Midland), for using false, deceptive, and misleading practices, and other illegal collection communications in connection with communicating with a third party in its attempts to collect an alleged defaulted consumer debt. Midland is in violation of the federal Fair Debt Collection Practices Act (**FDCPA**), 15 U.S.C. § 1692, et seq., N.C.G.S. .§ 58-70 et seq, titled "North Carolina Collection Agency Act" (**NCCAA**) and N.C.G.S.§ 75-50 et seq., titled the "North Carolina Debt Collection Act" (**NCDCA**), all of which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices in attempting to collect upon consumer debt.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. The occurrences which give rise to this action occurred in Union County, North Carolina.

4. Venue is proper in the Western District of North Carolina Division to 28 U.S.C. §1391(b).

## III. PARTIES

5. Plaintiff, Brian Green (Green), is a natural person who resides in Union County, in the State of North Carolina.

6. Defendant, Midland Credit Management, Inc., (Midland) a debt collection company with principal office at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

7. Midland is in the business of collecting debts using instrumentality of interstate commerce and mail that regularly collects or attempts to collect debts owed, or alleged to be owed, due another.

## IV. FDCPA CLAIMS

8. Mr. Green is a "consumer" as defined by 15 U.S.C. § 1692c(d);

9. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6);

10. That the alleged debt which is the subject matter is a consumer "debt" as defined by 15 U.S.C.§ 1692a(5);

11. The "communication" between Mr. Green a third party "meaning the conveying of information regarding a debt directly or indirectly to any person through any medium is that term" is defined by the 15 U.S.C.§ 1692a(2);

12. Midland engaged in "communication" with Mr. Green as defined in 15 U.S.C. § 1692a(2).

## V. FACTUAL ALLEGATIONS

13. On December 2nd, 2019, Mr. Green answered a telephone call on his cell phone number 201.873.2037 at 2:59 p.m. until 3:09 p.m. The call was originated presumably from a land line or an audio dialer from a No Caller ID phone number. A Midland employee or representative named "Kim" was the originator of the call to Mr. Green a Non-Debtor third party.

14. During the communication, Midland failed to inform Mr. Green that the call was an attempt to collect a debt and all information obtained would be used for that purpose. At no time has Mr. Green given his express consent, written or otherwise, to Midland to call his wireless phone number. Mr. Green informed Midland that he was not the Debtor and that the alleged debtor was unreachable at his cell phone number. Midland continued to discuss personal, confidential, and financial information to Mr. Green in an attempt to collect a consumer debt.

15. After 9 minutes of drilling, Mr. Green demanded Kim from Midland to stop asking questions about the third party alleged debt, and to cease calling him at his cell phone.

## VI. FIRST CAUSE OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Mr. Green reallege and incorporate by reference the allegations in paragraphs 13-15 of this Complaint.

17. Midland violated 15 U.S.C. § 1692c(b) by communicating with Mr. Green a third "party without the prior consent of the consumer given directly to the debt collector."

18. Midland violated 15 U.S.C. § 1692c(b) by communicating with Mr. Green a third party "in connection with the collection of any debt with any person other than the consumer."

19. Under 15 U.S.C. § 1692k, Midland's violation of the FDCPA renders them liable to Mr. Green includes, but not limited to statutory damages, costs, and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Green pray this Court:

a) Declare that Midland's actions violated the FDCPA;

b) Enter judgment in favor of Mr. Green for statutory damages of $1,000.00 under 15 U.S.C. §1692k(a)(2)(A);

c) Grant such further relief as deemed just.

## VII. SECOND CAUSE OF ACTION
## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA COLLECTION AGENCY ACT ACT, N.C. Gen.Stat. § 58-70, *et seq.*

20. Mr. Green reallege and incorporate by reference the allegations in paragraphs 13-19 of this Complaint.

21. Mr. Green is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

22. Mr. Green is a "consumer" and a non-debtor as the term is defined by N.C. Gen.Stat. § 58-90-(2)

23. Midland is a "debt collector" and/or "collection agency" engaged in the act and/or practice of debt collection as defined by N.C. Gen.Stat. §§ 58-70-15, and 58-70-90(1).

24. Midland violated N.C. Gen.Stat. § 58-70-110 in its deceptive representation by calling Mr. Green's cell phone in an attempt to "obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."

25. Under N.C. Gen.Stat. § 58-70-130(b), Midland's violation of the NCCAA renders them liable to Mr. Green includes, but not limited to statutory damages, costs, and reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Mr. Green pray this Court:

  a) Declare that Midland's actions violated the NCCAA;

  b) Enter judgment in favor of Mr. Green for each and every violation of the NCCAA by Midland. Mr. Green is entitled to statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action under N.C. Gen.Stat. § 58-70-130(b);

  c) An award of statutory and actual damages for an amount to be determined by the Court on Motion or at trial;

  d) Grant such further relief as deemed just.

### VIII.  THIRD CAUSE OF ACTION
### COUNT III
### VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT
### N.C. Gen.Stat. § 75-50, *et seq.*

26. Mr. Green reallege and incorporate by reference the allegations in paragraphs 13-25 of this Complaint;

27. Midland is a debt collector as defined by N.C. G.S. § 75-50(3);

28. Midland violated N.C. G.S. § 75-54 by communicating with Mr. Green a third in an "attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation;"

29. Under N.C. G.S. § 75-56(b) Midland's violation of the NCDCA renders them liable to Mr. Green includes, but not limited to statutory damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Green prays that this Court:

a) Declare that Midland's actions violated the NCDCA;

b) Enter judgment in favor of Mr. Green for each and every violation of the NCDCA by Midland. Mr. Green is entitled to statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action under the N.C. Gen.Stat. § 75-56(b);

c) An award of statutory and actual damages for an amount to be determined by the Court on Motion or at trial;

d) Grant such further relief as deemed just.

## DEMAND FOR TRIAL BY JURY

Mr. Green hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 8, 2020         Respectfully submitted.

                           _____
                           Brian Green
                           113 Indian Trail Road N, Suite 280
                           Indian Trial, NC 28079
                           Plaintiff *pro se*  201.873.2037
                           briangreen350@gmail.com