# EXHIBIT B

Hand-Delivered

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CV-00681-GCM

KIM C. GREEN

        Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.

        Defendants.

**TRAIL BY JURY DEMANDED**

## FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against Midland Credit Management, Inc. and its agent in her illegal action in communicating directly with a third party in an attempt to collect a consumer allege debt.

### JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

### VENUE

3. The occurrences which give rise to this action occurred in Union County, North Carolina.

4. Venue is proper in the Western District of North Carolina Division to 28 U.S.C. §1391(b).

### PARTIES

First Amended Complaint Kim Green vs. Midland Credit Management     Page 1 of 5

Case 3:19-cv-00681-GCM Document 18 Filed 04/30/20 Page 2 of 6

6. Plaintiff, Kim C. Green ("**Green**"), is a natural person who resides in Union County, in the State of North Carolina.

7. Ms. Green is a "consumer" as defined as any natural person obligated or allegedly obligated to pay any Debt by 15 U.S.C. § 1692a(3).

8. Defendant Midland Credit Management, Inc. ("**MCM**") is a limited liability company organized and existing under the laws of the State of Kansas. Its principal place of business is located at 3111 Camino Del Rio N., Suite 103, San Diego, CA 92108.

9. MCM is directly and indirectly engaged in soliciting, from more than one person, delinquent claims asserted to be owed or due; MCM is also directly and indirectly engaged in the asserting, enforcing, and prosecuting of those claims. MCM is therefore a "collection agency" as that term is defined by N.C. Gen. Stat. § 58-70-15(a).

10. MCM has applied for and has been granted licenses to operate as a collection agency by the North Carolina Department of Insurance, and has been issued the permit numbers 101659, 4182, 4250, 3777, 111895, 112039, 113170, 113236 and 112678.

11. The principal purpose of MCM's business — i.e., the way that MCM makes money — is by collecting the delinquent or charged-off debt that its sister company Midland purchases. In the course of this business, it uses instrumentalities of interstate commerce or the mails to accomplish several different tasks, among them: Communicating directly with consumers via telephone, email, and mail; communicating with third-party collection agencies it retains to collect the debts it services; and communicating with attorneys across the United States (including in North Carolina) that file lawsuits against consumers to collect upon the debts that it services.

First Amended Complaint Kim Green vs. Midland Credit Management                                             Page 2 of 5

Case 3:19-cv-00630-GCM  Document 18  Filed 04/30/20  Page 3 of 6

12. Moreover, MCM regularly collects or attempts to collect debts owed or due or asserted to be owed or due another — i.e., Midland. Midland undertakes these collection efforts both directly (i.e., by communicating directly with consumers) and indirectly (i.e., by retaining third-party collection agencies and law firms to do the collecting).

13. For the foregoing reasons, MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

14. MCM is in the business of collecting consumer debts using instrumentality of interstate commerce and mail that regularly collects or attempts to collect consumer debts owed, or alleged to be owed, due another.

15. MCM attempted to collect a debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16. On December 2nd, 2019, Ms. Green was informed by third party that he received a telephone call to his wireless phone number 201.873.2037 at 2:59 p.m. until 3:09 p.m., which was originated presumably from a land line or an audio dialer from a No Caller ID phone number. The unknown number was used by a representative name Kim of MCM to communicate a consumer allege debt from a third party.

17. At no time has Ms. Green given her express consent, written or otherwise, to MCM to call a third party wireless phone number.

18. MCM discussed Ms. Green personal, confidential, and financial information with a third party in an attempt to collect an alleged debt.

19. MCM call was an attempt to collect a consumer alleged debt from a third party.

## COUNT I

First Amended Complaint Kim Green vs. Midland Credit Management  Page 3 of 5

Case 3:19-cv-00630-BJD-MCR Document 18 Filed 04/30/20 Page 4 of 6

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq*.

20. Ms. Green incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with a third party other than the consumer.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a consumer alleged debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Ms. Green is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, *et seq*.

25. Ms. Green incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

26. Ms. Green is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

27. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

28. The Defendant communicated with person other than Ms. Green, or Ms. Green's attorney, in violation of N.C. Gen.Stat. § 58-70-105(1).

29. The Defendant falsely represented the creditor's rights or intentions, in violation of N.C. Gen.Stat. § 58-70-110(4).

First Amended Complaint Kim Green vs. Midland Credit Management    Page 4 of 5

Case 3:19-cv-00630-GCM  Document 18  Filed 04/30/20  Page 5 of 6

## PRAYER FOR RELIEF

WHEREFORE, Ms. Green pray that judgment be entered against Defendant:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1692k(a)(3);

2. Such other and further relief as may be just and proper.

## DEMAND FOR TRAIL BY JURY

Plaintiff, Ms. Green hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 31, 2020

Respectfully Submitted,

*/s/ Kim C. Green*

Kim C. Green
113 Indian Trail Road N, Suite 280
Indian Trial, NC 28079
201.967.5973
kimcgreen@gmail.com

First Amended Complaint Kim Green vs. Midland Credit Management                    Page 5 of 5

Case 3:19-cv-00630-GCM   Document 18   Filed 04/30/20   Page 6 of 6