IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
<u>CHARLOTTE DIVISION</u>

| | |
|---|---|
| **BRIAN GREEN** *Plaintiff,* v. **MIDLAND CREDIT MANAGEMENT, INC.** *Defendant.* | Civil Action No.: 3:19-cv-680 |
| **KIM GREEN** *Plaintiff,* v. **MIDLAND CREDIT MANAGEMENT, INC.** *Defendant.* | Civil Action No.: 3:19-cv-681 |

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MIDLAND'S MOTION FOR JOINDER AND CONSOLIDATION</u>**

COMES NOW Defendant Midland Credit Management, Inc. ("Midland" or "Defendant"), by undersigned counsel, and submits its Reply to Plaintiff Brian Green's Opposition to Midland's Motion for Joinder and Consolidation and Brief in Support, and for its reasons states as follows:

**<u>BACKGROUND AND PROCEDURAL POSTURE</u>**

The above-named parties, Brian Green and Kim Green (collectively, the "Greens") filed separate lawsuits against Midland with this Court on December 12, 2019. Their respective Complaints were subsequently amended several times prior to serving the Defendant; nevertheless, each subsequent iteration has invariably alleged the same substantive causes of action and theories of recovery against this single Defendant, all of which arise out of Midland's communications with both spouses regarding a debt that was owed by Kim Green. *See Compl. of Brian Green* at ¶¶ 13-

1

15 (D.E. 18-1); *see Amended Compl. of Kim Green* at ¶¶ 26-53 (D.E. 25-1; Case No. 3:19-cv-681; D.E. 11; Case No. 3:19-cv-681).

Midland filed a Motion and Memorandum in Support of Joinder and Consolidation on September 28, 2020. (D.E. 17-18) (hereinafter referred to collectively as "Motion"). On October 5, 2020, Plaintiff, Brian Green, filed a Notice of Opposition in response to Defendant's Motion (D.E. 22) (hereinafter, "Opposition"). On October 12, 2020, Midland filed a Notice of Corrected Exhibit (D.E. 25)[1] to substitute the applicable Amended Complaint filed by Kim Green[2] in connection with Defendant's previously submitted Motion.

## ARGUMENT

As set forth in Defendant's Motion, Midland seeks to join the Greens and consolidate their respective suits because their Complaints are mirror images, alleging identical consumer protection claims against a single Defendant that arise out of the same transaction or occurrence and share a logical relationship to one another, creating common questions of law and fact that should be adjudicated in a single proceeding to avoid multiple lawsuits and unnecessary costs to all of the parties involved.

Plaintiff's Opposition is predicated upon two mistaken (2) contentions: First, that the above-referenced lawsuits and parties are unrelated, insofar as the suit filed against Midland by his wife (Kim Green) on the same date (12/12/19) against the same Defendant is "somebody else's case." Second, Plaintiff contends the previous exhibit (D.E. 18-2) attached in support of Midland's

---

[1] In support of the September 28, 2020 Motion, Defendant inadvertently attached as Exhibit B (D.E. 18-2) an earlier Amended Complaint filed by the above-named Plaintiff-to-be-joined, Kim Green, in her suit against Midland. The correct Amended Complaint to which Midland's Memorandum in Support of Defendant's Motion refers, "Original Amended Complaint" of Kim Green filed on June 12, 2020 [D.E. 11] in connection with the above-captioned lawsuit, *Kim C. Green v. Midland Credit Management, Inc.* (Civil Action No. 3:19-cv-681) was submitted to correctly reflect the Amended Complaint referred to throughout Midland's Motion and Supporting Memorandum.

[2] After submitting her initial Complaint on December 12, 2020, Ms. Green filed three (3) more Amended Complaints. Midland was served with the fourth iteration of her initial pleading filed on June 12, 2020 and styled, "Original Complaint" [D.E. 11].

2

Case 3:19-cv-00680-FDW-DSC   Document 26   Filed 10/13/20   Page 2 of 7

Memorandum "is supported by an Amended Complaint attached to [Midland's] motion as Exhibit B which is moot." Pl.'s Opp. at ¶¶ 1; 6; 17; 18.

As to the second argument, Midland submitted a Notice correcting the purportedly "moot" exhibit by submitting the applicable (Third) Amended Complaint that was served by Kim Green and answered by the Defendant (D.E. 25-1). As such, the appropriate Exhibit B is before the Court – and arguably was already, as the applicable Amended Complaint in support of joining and consolidating these two cases was repeatedly referenced and correctly cite throughout Defendant's Motion for Joinder and Consolidation. As such, the Amended Complaint was already properly before the Court having been filed in connection with Kim Green's above-referenced case and capable of adoption by reference as a matter of public record.[3]

The Plaintiff's first argument in support of his Opposition also lacks merit. These two suits are undeniably related – regardless of whether they involve "somebody else's case" – as common questions of law and fact are readily present across the Greens' above-referenced actions. First, both cases allege violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq*. ("NCDCA"); and the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70, *et seq*. ("NCCAA"). Based on the allegations set forth in the Greens' Complaints, as discussed in Defendant's Motion, common questions of law exist across both lawsuits, namely, whether the Greens are entitled relief under the FDCPA, NCCCA and NCDCA[4].

---

[3] *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[w]e note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[4] The FDCPA defines the term "consumer" to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). While third-party contact regarding a consumer debt under certain circumstances may be prohibited under the FDCPA without the consumer's consent or court permission (as is true with respect to the NCCAA and NCDCA) – this does not include the consumer's spouse. *See West v. Costen*, 558 F. Supp. 564, 576 (W.D. Va. 1983).

3

Second, each of the statutory consumer protection causes of action alleged in the Greens' respective Complaints arise from the same factual situation – namely, the circumstances surrounding communications in connection with the collection of a debt owed by Kim Green. Cases in which a common question of fact has been found are those arising from the same set of facts. *See*, *e.g.*, *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1463-64 (4th Cir. 1996) (two suits alleging breach of fiduciary duty and professional malpractice by same defendants based upon establishment of one ERISA plan). In addition, both cases identify Midland as Defendant, and both Plaintiffs allege these purportedly violative communication occurred during the same time period, so much so that their Complaints were filed on the same date (12/12/2019). *Wood v. Brown*, 25 N.C. App. 241, 244, 212 S.E.2d 690, 692 (1975) (consolidating multiple actions brought by different plaintiffs against the same defendant related to a car accident).

Third, both cases seek similar relief from this Court – specifically, statutory damages provided by the FDCPA, NCCAA and NCDCA for violations in connection with consumer contact and communications with a claimed third party. *Jones v. Qwest Commc'ns Int'l, Inc.*, No. Civ. 06-3523MJDAJB, 2007 U.S. Dist. LEXIS 85872, 2007 WL 4179385, at *3 (D. Minn. Nov. 20, 2007) (both cases involved identical questions of law and fact as to whether defendant violated Fair Labor Standards Act in its treatment of its sales consultants); This case is therefore particularly appropriate for consolidation, and the power to do so is within the sound discretionary power of the Court.

The fact that these cases are pending before the same Court also favors adjudication in a single proceeding and district courts in the Fourth Circuit have broad discretion under Fed. R. Civ. Pro. 42(a) to consolidate causes pending in the same district. *Pinehurst Airlines, Inc. v. Resort Air Servs., Inc.*, 476 F. Supp. 543, 559 (M.D.N.C. 1979) (*citing A/S J. Ludwig Mowinckles Rederi v.*

4

*Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("[c]onsolidation under Rule 42(a) may be used to achieve the same result as could be reached by means of third-party practice under Fed. R. Civ. P. 14(a).

Joining Kim Green as a party and consolidating these cases will provide efficiency and convenience for the parties and the Court, saving time and avoiding unnecessary costs to the *pro se* litigants in these two actions, as well as the witnesses who would otherwise be required to testify in two different proceedings that will ultimately serve to "foster clarity … and the avoidance of confusion in prejudice." *Workman v. Nationwide Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 72971, 2013 WL 2285937, at *3 (D.S.C. 2013) (*quoting Allfirst Bank v. Progress Rail Svcs. Corp.*, 178 F. Supp. 2d 513, 520 (D.Md. 2001)).

Finally, Midland's Motion is well within the timeframe for joining additional parties and will in no way delay the proceedings, as the deadline set forth in the Court's Case Management Order ("CMO") provides until December 12, 2020 to join additional parties. CMO at ₽3 (A) (any motion for leave to join additional parties or otherwise to amend the pleadings shall be filed by December 12, 2020) (D.E. No. 15).

## **CONCLUSION**

Based on the foregoing, Midland prays the Court order that Kim Green be made a party to this action, either as a necessary party under Fed. R. Civ. Pro. Rule 19 or as a proper party under Fed. R. Civ. Pro. Rule 20, and that the Greens' parallel lawsuits be consolidated pursuant to Fed R. Civ. Pro. Rule 42(a).

Respectfully Submitted:

Dated: October 13, 2020				By: */s/ Keaton C. Stoneking*
						Keaton C. Stoneking, Esq.
						North Carolina Bar No. 53627
						TROUTMAN PEPPER HAMILTON
						SANDERS LLP
						301 S. College Street, Suite 3400
						Charlotte, NC  28202
						Telephone:   704.998.4050
						Facsimile:    704.998.4051
						Email: Keaton.Stoneking@troutman.com


						Daniel T. Stillman, Esq. (*pro hac vice*)
						TROUTMAN PEPPER HAMILTON
						SANDERS LLP
						222 Central Park Avenue, Suite 2000
						Virginia Beach, VA 23462
						Telephone:   757.687.7710
						Email: Daniel.Stillman@troutman.com


						*Attorneys for Defendant,*
						*Midland Credit Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to Plaintiff, who is registered to receive electronic notifications in connection with this matter, and that I also caused a copy of the foregoing to be sent via U.S. Mail to the *pro se* litigants at the following address:

Brian Green
113 Indian Trial Rd. N
Suite 280
Indian Trail, NC 28079
Telephone: (201) 693-6879

*And*

Kim C. Green
113 Indian Trial Rd. N
Suite 280
Indian Trail, NC 28079
Telephone: (201) 693-6879

*/s/ Keaton C. Stoneking*
Keaton C. Stoneking, Esq.