IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00680-FDW-DSC

BRIAN GREEN,

    **Plaintiff,**

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    **Defendant.**

<u>**ORDER**</u>

THIS MATTER is before the Court on Defendant's Motion for Joinder and Consolidation. (Doc. No. 17). Plaintiff submitted an Opposition Motion (Doc. No. 22), to which Defendant replied. (Doc. No. 26). Defendant's Motion is now ripe for review. For the reasons that follow, Defendant's Motion for Joinder and Consolidation is hereby GRANTED.

### I. BACKGROUND

*Pro se* Plaintiff Brian Green ("Plaintiff or "Mr. Green") filed the instant suit against Defendant Midland Credit Management ("Defendant" or "Midland") on December 12, 2019. (Doc. No. 1). He subsequently filed an Amended Complaint on May 8, 2020. (Doc. No. 4). As set forth in the Amended Complaint, Mr. Green alleges Defendant violated both the North Carolina Debt Collection Act ("NCDCA") and the federal Fair Debt Collection Practices Act ("FDCPA") when Defendant allegedly contacted him in attempts to "collect a consumer debt." (Doc. No. 4, p. 4). Defendant filed the instant Motion for Joinder and Consolidation on September 28, 2020. (Doc. No. 17). Defendant asks this Court to order joinder of Kim Green ("Mrs. Green" or "Kim Green") as a party to this case pursuant to Fed. R. Civ. P. 19 and/or Fed. R. Civ. P. 20, and to order

consolidation of Green v. Midland Credit Management, Inc., No. 3:19-cv-00681-GCM, with this case, No. 3:19-cv-680-FDW-DSC, pursuant to Fed. R. Civ. P. 42. (Doc. No. 18).

## II. JOINDER

Federal Rule of Civil Procedure 19(a) outlines the circumstances in which a person must be joined as a necessary party to a case. "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if either:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B). The determination of joinder pursuant to Rule 19 is a "practical" inquiry and is left to the "sound discretion of the trial court." McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 950 (4th Cir. 2020) (quotation and citation omitted). The ultimate question a court must ask is "whether a party is necessary to [the] proceeding because of its relationship to the matter under consideration." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). If a party is determined to be necessary, "it will be ordered into the action." Id.

Defendant argues Kim Green is a necessary party and must be joined pursuant to Rule 19. (Doc. No. 18, p. 4). Mr. Green argues against joining Kim Green under Rule 19 based on Bodnar v. Jackson, No. 1:14-cv-120, 2014 WL 5426392 (W.D.N.C. Oct. 23, 2014), where the court declined to join a third party pursuant to Rule 19 and Rule 20. Id. at *2. The Court finds Bodnar distinguishable because there, the party to be joined did not meet the criteria outlined in Rule 19. Id. Here, the Court finds Kim Green is a necessary party under Rule 19.

Here, the threshold requirements for joinder under Rule 19 are met because Kim Green is subject to service of process and her joinder will not deprive this Court of subject-matter

jurisdiction as evidenced by her filing a parallel suit in this District on the same day Mr. Green commenced the instant action. Compare (No. 3:19-cv-00681-GCM, Doc. No. 1) with (No. 3:19-cv-00680-FDW-DSC, Doc. No. 1). As for the secondary requirements, failing to join Kim Green would likely leave Defendant Midland subject to a substantial risk of incurring double, multiple, or inconsistent obligations because of Mrs. Green's relationship to the instant case.

The Court first notes Kim Green and Brian Green are husband and wife, a fact which Mr. Green does not contest. (Doc. No. 18, p. 5). Indeed, Mrs. Green's relationship to and interest in the instant case is so substantial such that both her and Mr. Green's Amended Complaints allege violations of the same laws for the *exact* same alleged conduct. Each Plaintiff alleges Defendant violated the FDCPA and the NCDCA when Defendant called Brian Green's cell phone between 2:59 PM and 3:09 PM on December 2, 2019 to collect a debt allegedly due from Mrs. Green. Compare (No. 3:19-cv-00681-GCM, Doc. No. 5, p. 3) with (No. 3:19-cv-00680-FDW-DSC, Doc. No. 4, p. 4). Ultimately, Mrs. Green is substantially related to the instant case because it is premised on allegations of Defendant attempting to collect Mrs. Green's alleged debt from her husband. Accordingly, the Court finds that Kim Green is a necessary party to this action and ORDERS her joinder pursuant to Fed. R. Civ. P. 19. Because joinder is appropriate under Rule 19, the Court declines to address whether joinder is appropriate under Rule 20.

### III. CONSOLIDATION

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate separate actions that "involve a common question of law or fact." Courts have broad discretion in determining whether to consolidate. A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). In determining whether to consolidate, courts assess "'whether the specific risks of prejudice and possible confusion" of consolidation would be outweighed "by the

risk of inconsistent adjudications . . ., the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple—trail alternatives." <u>Campbell v. Boston Sci. Corp.</u>, 882 F.3d 70, 74 (4th Cir. 2018) (quoting <u>Arnold v. E. Airlines</u>, 681 F.2d 186, 193 (4th Cir. 1982)).

Defendant also argues for consolidation of Kim Green's parallel suit, No. 3:19-cv-00681-GCM, with Mr. Green's suit, No. 3:19-cv-00680-FDW-DSC. (Doc. No. 18, p. 6). Mr. Green opposes consolidation because <u>Tinsley v. Streich</u>, 143 F.Supp. 3d 450 (W.D.Va. 2015) is "not distinguishable on the facts or on the law under Rule 42." (Doc. No. 22, p. 6). Although the <u>Tinsley</u> court undertook a "common question of law or fact" analysis, it did so in the context of Fed. R. Civ. P. 20, not Rule 42, and concluded permissive joinder was appropriate based on "at least one common question of law or fact." <u>Tinsley</u>, 143 F.Supp. 3d at 461. Plaintiff's reliance on <u>Tinsley</u> is therefore not persuasive.

Here, there is certainly one, if not more, common question(s) of law or fact. As described above, Mr. Green's Amended Complaint is virtually identical in its allegations to Mrs. Green's Amended Complaint. Moreover, the Court finds it likely that all parties, including Mr. and Mrs. Green, would benefit from, and not be prejudiced by, consolidation of the two cases. As Defendant points out in its brief, allowing these cases to remain separate would likely be more burdensome on all parties than if the Court were to order consolidation. Both cases rest on the *exact* same allegations of fact and law; proceeding with two separate courses of litigation would result in duplicative motions, duplicative discovery, and an inefficient allocation of judicial resources. Based on these considerations, the Court, in its broad discretion, finds that consolidation is appropriate.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Joinder and Consolidation (Doc. No. 17) is GRANTED. It is also ORDERED that Kim Green is joined as a Co-Plaintiff with Brian Green in the case No. 3:19-cv-680-FDW-DSC. It is FURTHER ORDERED that <u>Green v. Midland Credit Management, Inc.</u>, No. 3:19-cv-681-GCM, is consolidated with <u>Green v. Midland Management, Inc.</u>, No. 3:19-cv-680-FDW-DSC. This Court will accept re-assignment of Case No. 3:19-cv-681-GCM.

IT IS SO ORDERED.

Signed: December 17, 2020

Frank D. Whitney
United States District Judge